IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,368-01






EX PARTE BRIAN CHARLES JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 36853CR/A IN THE 40TH DISTRICT COURT


FROM ELLIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
or detention and was sentenced to life imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. Trial counsel submitted an affidavit in which he states that Applicant
at all times wanted to pursue an appeal and that counsel's failure to timely file notice of appeal was
in no way Applicant's fault. Counsel states that he mistakenly believed that notice of appeal had
been filed at the same time as a motion for new trial but only later learned that the notice of appeal
could not be located.

 The trial court has determined that a one-page notice of appeal was stapled to the back of an
amended motion to quash the indictment found in the court's file, but that the notice itself was not
file-stamped and contains no certificate of service. The trial court finds that the district clerk did not
forward the notice of appeal that was stapled to the motion to the court of appeals. The trial court
also finds that Applicant wishes to appeal his conviction. 

 We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 36853CR/A from the 40th District Court of Ellis County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of
this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to
represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: October 30, 2013

Do not publish